UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, <br> JANE DOE II, <br>     Plaintiffs, <br>     v. <br> SOUTH MADISON COMMUNITY SCHOOL CORPORATION, <br> BOONE MADISON SPECIAL SERVICES COOPERATIVE, <br>     Defendants. | No. 1:24-cv-00476-SEB-KMB |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYMS

Presently pending before the Court is the Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms. [Dkt. 17.] Plaintiff Jane Doe II is a disabled minor child who was allegedly sexually assaulted at an after-school event at Defendants' school. Plaintiff Jane Doe I is the parent of Jane Doe II and believes that they should both be allowed to proceed under a pseudonym to protect her minor child's privacy. For the reasons explained below, the Plaintiffs' Unopposed Motion to Proceed under Pseudonyms is **GRANTED.**

### I.     APPLICABLE LEGAL STANDARD

The Federal Rules of Civil Procedure require that all parties to a lawsuit be named. *See* Fed. R. Civ. P. 10(a) (providing that the "title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) (requiring that an action "be prosecuted in the name of the real party in interest"). There is an exception for minors, who may proceed using their initials. Fed. R. Civ. P. 5.3(a)(3). There are also exceptions for adults, who may proceed under a pseudonym upon showing that their interests in privacy outweigh both prejudice to the opposing party if

anonymity is permitted and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

"The use of fictitious names is disfavored," and the Court "has an independent duty to determine whether exceptional circumstances justify such departure from the normal method" of conducting proceedings fully within the public view. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit Court of Appeals has "afforded district judges discretion to permit pseudonymous litigation when the balance of harm justifies it." *Doe v. Trustees of Indiana University*, 101 F.4th 485, 492 (7th Cir. 2024). However, the moving party "ultimately bears the burden of proof to show that [the circumstances] outweigh[] the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Doe v. Cook County, Ill.,* 542 F. Supp. 3d 779, 785 (N.D. Ill. 2021). Even where a party's motion to proceed anonymously is unopposed, the Court must still carefully consider whether anonymity is justified. *See Blue Cross & Blue Shield United*, 112 F.3d at 872 (stating that "the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object.").

Earlier this year, the Seventh Circuit Court of Appeals issued two opinions that primarily guide this Court's analysis. *See Trustees of Ind. Univ.*, 101 F.4th at 485; *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024). These opinions make clear that the Court may permit a party to proceed anonymously only where "exceptional circumstances justify" doing so. *Loyola Univ.*, 100 F.4th at 913. Such circumstances include youth, a substantial risk of harm, and likelihood of improper retaliation. *Trustees of Ind. Univ.*, 101 F.4th at 491. Additionally, "[c]ourts often extend the protection of anonymity to victims of sex crimes." *Loyola Univ.*, 100 F.4th at 914

2

(citing *Blue Cross*, 112 F.3d at 872). Embarrassment or harm to reputation alone, however, does not justify anonymous litigation. *Trustees of Ind. Univ.* at 491-92.

In some circumstances, courts have allowed adult litigants to proceed anonymously to protect the identity of minor children. *See, e.g.*, *Doe v. Elmbrook School Dist.*, 658 F.3d 710, 721-24 (7th Cir. 2011) adopted on this issue by *Doe v. Elmbrook School Dist.*, 684 F.3d 840, 842-43 (7th Cir. 2012) (en banc) (allowing minor plaintiffs and adult plaintiffs to proceed under pseudonyms where the minors faced a risk of retaliation or harassment for bringing a claim against the school district). Other times, however, courts have not allowed an adult plaintiff to proceed anonymously to protect a minor. *See, e.g.*, *E.A. v. Garner*, 929 F.3d 922, 926 (7th Cir. 2019) (declining to extend anonymity to an adult plaintiff for the benefit of minor children because the child custody dispute at issue had already been made public in other court filings).

## II.     RELEVANT BACKGROUND

Plaintiffs allege that Jane Doe II was a disabled minor child in the ninth grade when she was sexually assaulted by a fellow student at an after-school event at Defendants' school. [Dkt. 1-2 at ¶¶ 6, 9.] A friend of Jane Doe II reported the alleged assault to the supervising teacher, who allegedly did not inform the minor's parent—Jane Doe I—or school administrators of the incident. [*Id.* at ¶¶ 11-12.] Jane Doe I and Jane Doe II now bring federal claims against Defendants South Madison Community School Corporation and Hamilton Boone Madison Special Services Cooperative alleging a failure to conduct a proper Title IX investigation as well as Indiana tort claims under the doctrine of *respondeat superior*. [*Id.* at ¶¶ 16-38.]

## III.    DISCUSSION

Plaintiffs request to proceed under pseudonyms because their "claims involve the sexual assault of a minor, matters of the utmost intimacy." [Dkt. 17 at ¶ 7.] They argue that "public

3

identification will place them at risk of suffering further significant emotional and mental injury," that "Defendants already know Plaintiffs' identities and will not be prejudiced if they utilize pseudonyms," and that "there is a strong public interest in maintaining the anonymity of students who are victims of sexual assault and abuse." [*Id*.] The Defendants do not oppose this motion. [*Id.* at ¶ 9.]

Federal Rule of Civil Procedure 5.2(a), which requires the redaction of certain categories of sensitive information in federal court filings, provides that to protect the privacy of an individual known to be a minor, "a party or nonparty making the filings may include only . . . the minor's initials . . . ." *See also Trustees of Ind. Univ.*, 101 F.4th at 491 ("One justification for anonymity is youth. Fed. R. Civ. P. 5.2(a)(3) requires the use of initials rather than names for minors."). However, as the Advisory Committee's note to the 2007 adoption of Rule 5.2 makes clear, the redactions mandated by this rule merely establish the minimum privacy protections for filings in federal court and are not meant to set an upper limit on what additional sensitive information may be protected on a case-by-case basis. *See* Fed. R. Civ. P. 5.2 Advisory Committee's Note ("While providing for the public filing of some information . . . [i]t may also be necessary to protect information not covered by the redaction requirement . . . in a particular case."); *see also* 1 Stephen S. Gensler, *Federal Rules of Civil Procedure* Rule 5.2 (2024) ("The Advisory Committee Notes make clear that the listing of specified protections in Rule 5.2 was not intended to signify that further protections are unwarranted. Rather, courts should consider on a case-by-case basis whether further redactions or remote access limits are needed."). Indeed, since the adoption of Rule 5.2, the Seventh Circuit Court of Appeals has permitted minor litigants to proceed under pseudonyms, rather than just by initials, where there was a risk that exposing their identities could result in retaliation or harassment. *See Elmbrook School Dist.*, 684 F.3d at 842-43.

Turning to the pending motion, Plaintiffs' Complaint alleges that Jane Doe I is the mother Jane Doe II, who is a minor child with a disability who was enrolled at Pendleton Heights High School and was sexually assaulted at an event hosted by the Pendleton Heights High School Best Buddies Program in January 2023. [Dkt. 1-2 at ¶¶ 3, 6, 9.] Jane Doe II's status as a minor child automatically allows her to proceed in this lawsuit by initials, rather than by her full legal name. Fed. R. Civ. P. 5.2(a)(3). In this specific case, however, the Court finds that Jane Doe II's status as an alleged sexual assault victim warrants additional privacy protections, such that the Court will allow her to proceed as requested under the pseudonym "Jane Doe II." *See Loyola Univ.*, 100 F.4th at 914 ("Courts often extend the protection of anonymity to victims of sex crimes."). For these reasons, Jane Doe II's motion to proceed under a pseudonym is **GRANTED**.

The only remaining question is whether Jane Doe I, who is Jane Doe II's mother, should also be allowed to proceed anonymously. An adult litigant is not automatically permitted to proceed under a pseudonym simply because a minor child is a co-litigant. *See E.A.*, 929 F.3d at 926. In this specific case, however, the Court finds that allowing Jane Doe I to proceed under a pseudonym is necessary to protect the privacy interests of her disabled minor daughter, Jane Doe II, who is alleged to be a sexual assault victim. If Jane Doe I was required to proceed by her legal name in this lawsuit, the identity of her minor child could be easily discovered. While Defendants' lack of opposition to Plaintiffs' anonymity request is not dispositive because the Court also has an independent duty to analyze the request, Defendants' lack of opposition is an additional factor that the Court has considered in evaluating the request. For these reasons, Jane Doe I's motion to proceed under a pseudonym is also **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms, [dkt. 17], is **GRANTED**. The Court will allow the Plaintiffs in this lawsuit to proceed as "Jane Doe I" and "Jane Doe II."

**So ORDERED**.

Date: 10/11/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email