UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:24-cv-00476-SEB-KMB |
| ) | |
| SOUTH MADISON COMMUNITY ) | |
| SCHOOL CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS JANE DOE I'S INDIVIDUAL CLAIM**

Now before the Court is Defendants' Motion to Dismiss Jane Doe I's Individual Claim [Dkt. 8]. Plaintiffs Jane Doe I, Individually and as Next Friend and Legal Guardian, and Jane Doe II, an unmarried minor,[1] have brought this action against Defendants South Madison Community School Corporation and Boone Madison Special Services Cooperative, alleging a claim under Title IX of the Education Amendments of 1972 as well as state law negligence and negligent infliction of emotional distress claims. Defendants have moved to dismiss Plaintiff Jane Doe I's individual claim for negligent infliction of emotional distress. For the reasons detailed below, that motion is <u>GRANTED</u> without prejudice.

---

[1] On October 11, 2024, the Court granted Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms, holding that Plaintiffs have demonstrated that they are entitled to continue to proceed anonymously in this case under the standard recently set forth by the Seventh Circuit in *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024) and *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024).

1

## Factual Background

In January 2023, Jane Doe II, a minor, was a ninth grader at Pendleton Heights High School ("Pendleton Heights"), within the South Madison Community School Corporation ("South Madison"). Jane Doe II has been diagnosed with a verbal processing disability and has an Individualized Education Plan ("IEP"). During the time period relevant to this litigation, Hamilton Boone Madison Special Services Cooperative ("Special Services") provided specialized services, certified staff, mental health therapists, and psychologists for students with disabilities like Jane Doe II within South Madison, including at Pendleton Heights. At all relevant times, Jane Doe II was also involved with the Best Buddies Program, an international program sponsored by South Madison and Special Services, to promote inclusion of students with intellectual and developmental disabilities.

On January 26, 2023, during an event sponsored by the Best Buddies Program at Pendleton Heights, Jane Doe II was sexually assaulted by a fellow student, J.S., who is believed to be mentally or emotionally disabled. The event was sponsored by Katie Neely, a special education teacher employed by Special Services and contracted by South Madison. Jane Doe II immediately reported the sexual assault to two friends, one of whom knew of prior incidents involving inappropriate touching by J.S. and right away reported the assault to Ms. Neely. After learning of the assault, Ms. Neely contacted J.S.'s parents, but did not contact Jane Doe II's mother, Jane Doe I, nor did she report the assault to school administration officials; instead, Jane Doe I did not learn of the incident until after Jane Doe II was picked up from the event and taken home. Since the assault

2

occurred, despite repeated requests from Jane Doe I, South Madison has failed to make or maintain reasonable accommodations to minimize contact between Jane Doe II and J.S.

Based on these facts, Plaintiffs have brought a Title IX claim as well as state law claims for negligence and negligent infliction of emotional distress against Defendants. Now before the Court is Defendants' motion to dismiss Jane Doe I's individual claim for negligent infliction of emotional distress. That motion is fully briefed and ripe for ruling.

## Legal Analysis

### I. Applicable Law

Defendants have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Discussion

Jane Doe I is pursuing this litigation both individually and in her capacity as Jane Doe II's representative. Defendants seek dismissal of only Jane Doe I's individual claim for negligent infliction of emotional distress, not any of the claims brought in her representative capacity. The complaint alleges that Jane Doe I is Jane Doe II's parent and legal guardian; that Ms. Neely did not inform Jane Doe I or school administrators of Jane Doe II's assault; that Jane Doe I only learned about the incident after Jane Doe II came home from the event; that despite her repeated requests, the school corporation has failed to make reasonable accommodations to minimize contact between Jane Doe II and J.S.; and that Defendants, through their negligence, caused an infliction of emotional distress upon Jane Doe I when she learned that Jane Doe II had endured a sexual assault on school grounds. Based on these allegations, Jane Doe I seeks damages from Defendants for "emotional distress, mental anguish, loss of enjoyment of life, counseling expenses, and other past, present, and future damages." Dkt. 1-2 ¶¶ 24, 33, 38. Defendants contend that Jane Doe I's negligent infliction of emotional distress claim must be dismissed because the above-recited facts do not support an entitlement to relief under such a legal theory.

Under Indiana law, a plaintiff can generally pursue a claim for negligent infliction of emotional distress only under the following circumstances: (1) where the plaintiff suffered a direct physical impact and the defendant's negligence resulted in the injury or death of a third party (the "modified-impact rule"); or (2) where the plaintiff has witnessed or come to the scene soon thereafter the death or severe injury of certain

4

classes of relatives (the "bystander rule"). *Hyzy v. Anonymous Provider 1*, 234 N.E.3d 248, 253 (Ind. Ct. App. 2024) (citing *Spangler v. Bechtel*, 958 N.E.2d 458, 463 (Ind. 2011)). In a divided opinion in *K.G. by Next Friend Ruch v. Smith*, 178 N.E.3d 300 (Ind. 2021), the Indiana Supreme Court recently created a "carve-out exception to the bystander rule's proximity requirement," (*id.* at 308), holding as follows: "To reiterate our new rule, when a caretaker assumes responsibility for a child, and when that caretaker owes a duty of care to the child's parent or guardian, a claim against the caretaker for the negligent infliction of emotional distress may proceed when the parent or guardian later discovers, with irrefutable certainty, that the caretaker sexually abused that child and when that abuse severely impacted the parent or guardian's emotional health." *Id.* at 311.

Jane Doe I argues that the facts alleged in the complaint are sufficient to plausibly state a negligent infliction of emotional distress claim under the exception to the bystander rule set forth in *K.G.* However, that exception, described by the *K.G.* Court as a "narrow rule," provides for a parent or guardian's claim against their child's caretaker for sexual abuse perpetrated by the caretaker. *Id.* at 304. Here, the complaint specifically alleges that another student, not Jane Doe II's caretaker, was responsible for the sexual abuse. Nor does the complaint contain any facts to support a plausible inference that at the time the abuse occurred, Defendants had assigned the alleged perpetrator caretaking responsibilities over Jane Doe II. Rather, the complaint alleges that Jane Doe II was "under the supervision of Katie Neely, an employee and agent of Hamilton Boone Madison Special Services Cooperative and contracted by South Madison Community School Corporation." Compl. ¶ 22. Accordingly, the facts as alleged, when taken as true

5

as we are required to do at this stage of the litigation, do not come within *K.G.*'s "narrow" exception to the bystander rule. *See K.G.*, 178 N.E.3d at 308.

### III. Conclusion

For the reasons detailed above, Defendants' Partial Motion to Dismiss Jane Doe I's Individual Claim [Dkt. 8] is <u>GRANTED</u> without prejudice. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: 10/25/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Shyann Ronea Boyer
CHURCH CHURCH HITTLE & ANTRIM
sboyer@cchalaw.com

Lynsey F. David
Church Church Hittle & Antrim
ldavid@cchalaw.com

Laurel Robin Klapper Gilchrist
GILCHRIST & BORINSTEIN LLP
lgilchrist@gilchristandborinstein.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Andrea Rose Simmons
S.K. HUFFER & ASSOCIATES, PC
asimmons@cohenandmalad.com